JUDGE TORRES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

13 CV 4740

CIVIL CASE No:

DEREK STRICKLAND

    Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER ILBEY
AYKAC SHIELD NO: 28612 and POLICE OFFICER
FEDERICO VAZQUEZ SHIELD NO: 03139

    Defendants.

-------------------------------------------------------------- X

**COMPLAINT IN CIVIL CASE**

**JURY TRIAL DEMANDED**

Plaintiff, DEREK STRICKLAND, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

I. **INTRODUCTION**

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of DEREK STRICKLAND. The plaintiff contends that the defendants have subjected the Plaintiff to false arrest, false imprisonment and malicious abuse of process whereas he has been seized, falsely imprisoned and defamed by the defendant's. Defendants were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

II. **JURISDICTION**

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

III. **PARTIES**

3. Plaintiff, DEREK STRICKLAND is a resident of New York County and sues on his own behalf.

4. Defendant, The City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5. Defendant Officer, Ilbey Aykac, at all times was employed by the City of New York upon information and belief as a police officer. His actions must conform to the dictates of the Constitution of the United States. He is sued in his individual capacity for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

6. Defendant Officer, Federico Vazquez, at all times was employed by the City of New York upon information and belief as a police officer. His actions must conform to the dictates of the Constitution of the United States. He is sued in his individual capacity for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

IV.        **FACTUAL AVERMENTS**

7. Defendants, all of whom were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiff's civil rights in the following ways:

a. On February 22, 2012 at approximately 3:00 p.m. the plaintiff left his apartment which was located at 1871 7th Avenue, New York, New York and went outside to the front of his building to wait for his girlfriend whilst she got ready. Whilst waiting for his girlfriend a woman approached the building and started using the intercom to gain entrance to the building. When it became apparent that the intercom didn't appear to work she asked the plaintiff if the intercom was working. The plaintiff replied that it wasn't working to which she responded by asking if he could let her into the building. The plaintiff used his key to open the security door thereby

allowing the woman to enter the building. The plaintiff then returned outside to stand in front of the building to resume waiting for his girlfriend. Roughly ten minutes later the woman whom plaintiff had allowed access into the building exited the building. Three to five minutes later the defendant Vasquez with an unidentified officer approached the plaintiff and physically restrained him. Plaintiff was taken around the corner to 114th street by the officers where he saw the woman he had let enter into the building being arrested. Defendant Vasquez with other unidentified officers then commenced to search the plaintiff. Despite not finding any contraband or any other illegal instrumentalities the plaintiff was arrested upon the assertion that he had sold drugs to the woman who was being arrested. The defendant found approximately two hundred and fifty dollars on the plaintiff and asked him about the money. The plaintiff informed the defendant that he was going shopping with his girlfriend to buy some clothes in anticipation of his birthday on February 27. After plaintiff was placed in the police vehicle, the police stopped at 110th street and Morningside and ordered the plaintiff out of the vehicle. When plaintiff exited the vehicle he was searched again by the defendant and an unidentified officer. Said search like the first merely confirmed that the plaintiff was not in possession of any contraband.

b.      Plaintiff was taken to a local precinct where he was then subjected to a strip search. The strip search also failed to provide any evidence that the plaintiff was engaged in illegality however the plaintiff was still processed for the arrest. When the plaintiff was taken to the holding area to await arraignment, he was questioned again by police officers in the presence of an assistant district attorney. Plaintiff admitted that he had engaged in sales in the past but as a result of being arrested in July 21, 2011 for criminal sale and being out on bail he had avoided any further illegal conduct. Plaintiff was arraigned and was unable to post bail. After the grand jury had considered the evidence presented they voted to dismiss the charge of Criminal Sale of a Controlled Substance in the Third Degree. Plaintiff was then released on February 29, 2012 after six days of incarceration.

c.  On March 8, 2012 the plaintiff was once again at his apartment located at 1871 7th Avenue, New York, New York, when he decided to wait for his girlfriend downstairs in the front of her building in light of the fact that they had been arguing. Whilst waiting for his girlfriend to come downstairs with their two year old daughter, plaintiff saw the defendant Aykac and unidentified officers approach him and without saying anything accost the plaintiff and place handcuffs on his wrists. Plaintiff asked the defendants what they were doing whilst resisting being handcuffed. The plaintiff's girlfriend and their daughter came downstairs whilst the plaintiff was being accosted by the defendant and an unidentified officer. One of the officers then said that police officers who were in an unmarked police car instructed them to arrest the plaintiff as they had seen the plaintiff smoking marijuana in front of the building. The police officer confirmed that he himself did not see the plaintiff engaged in any illegality. The plaintiff had been standing outside his building for roughly one minute before being approached by the defendant and the unidentified officer. The plaintiff was then searched at the scene which revealed that the plaintiff did not have any contraband on his person. The defendant also shined a flashlight in and around the front of the building presumably seeking evidence. The plaintiff was taken to a police precinct. Once at the police precinct the plaintiff was strip searched. The strip search merely confirmed that the plaintiff was not in possession of any contraband, nonetheless the plaintiff was prosecuted.

d.  The plaintiff was incarcerated for two days until he was able to be arraigned and released upon his own recognizance. After having to appear in criminal court on four occasions the New York County District Attorney dismissed the case against the plaintiff. After being arraigned and released the plaintiff went to the precinct and spoke to defendant Aykac about retrieving his personal belongings. The plaintiff complained to the defendant Aykac about being arrested and subjected to strip search. Defendant Aykac told the plaintiff that "you over at 114th street know what you are doing. So every time I can I'm going to bring you guys in and strip search you."

e.	The defendant officers and other unidentified officers arrested plaintiff on three occasions in the months of March 2012 alone. They recognized the plaintiff and nicknamed him "Mr. Bailout." Defendants upon information and belief had decided that plaintiff was engaged in illegalities and systematically would arrest the plaintiff without probable cause in the hope of finding evidence of illegalities on the plaintiff's person. The defendant's indicated to the plaintiff that they were going to "get him."

## FIRST CLAIM FOR RELIEF

7. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of using the arrest power against the citizenry when deemed necessary, despite the lack of probable cause, as a law enforcement tool.

8. As a result of the defendants actions the plaintiff has developed a phobia towards all police officers and to date carries a deep-seated fear of all police officers.

9. The conduct of defendants in falsely arresting, unlawfully imprisoning and maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiffs to an award of punitive damages as against the individual defendants.

10. Solely as a result of these actions, plaintiff was:

a.	Suffered severe emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b.	Has suffered a loss of his liberty, and

c.	Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

11.	Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a.	To be free from false arrest;